UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LUISA MARIA OYARZUN,

                          Plaintiff,

                          Case # 17-CV-6733-FPG

v.

                          DECISION AND ORDER

DIANE M. DEANE et al,

                          Defendants.

On October 25, 2017, *pro se* Plaintiff Luisa Maria Oyarzun filed a Complaint against Defendants and moved to proceed *in forma pauperis*. ECF Nos. 1, 2. On November 6 and 9, 2017, Plaintiff filed an Amended Complaint and a Second Amended Complaint. ECF Nos. 7, 10. Plaintiff has also made two motions asking the Court to provide her with various forms of relief. ECF Nos. 4, 6.

The Court finds that Plaintiff has met the statutory requirements to proceed as a poor person pursuant to 28 U.S.C. § 1915(a), and therefore her *in forma pauperis* motion is GRANTED. The Court has screened all of Plaintiff's Complaints with respect to the 28 U.S.C. §1915(e) criteria. For the reasons that follow, Plaintiff's Complaints (ECF Nos. 1, 7, 10) are DISMISSED WITH PREJUDICE and her motions are DENIED AS MOOT (ECF Nos. 4, 6).

**DISCUSSION**

**I.    Legal Standard**

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). Pursuant to Section 1915(e), the Court must dismiss a complaint in a civil action if the Court determines at any time that the action (1) is frivolous or

malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or be heard before dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (internal quotation marks omitted). Thus, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

**II.     Analysis**

After reviewing all of Plaintiff's pleadings, the Court finds that they are frivolous and must be dismissed. While Plaintiff's allegations are scattered and confusing, she appears, upon a liberal reading of her submissions, to allege that the Social Security Administration ("SSA"), several SSA employees, and the Livingston County Department of Social Services and its Commissioner have conspired against her to steal her Social Security Disability checks. Plaintiff alleges that Defendants

> conspired against me and my daughter to cause us harm. After the said Government employees defrauded the U.S. Government and the tax payers (by signing us up for dozens of government agencies without my knowledge or consent and pocketing and selling the benefits), they have me illegally evicted 10 or 11 times. This is to have a chance to assassinate me and my child, since we reported them for the said fraud (punishable by many years in jail).

ECF No. 7 at 4-5.

Plaintiff also asserts that various police officers "covered up for [the SSA] and refused to allow [her] to document the theft of [her] last stolen benefit," "refused to file a police report," and "sent their officers to assassinate me." ECF No. 10 at 5. Plaintiff also sues the CEOs of two Internet Service Providers because they allegedly "disconnected the Internet so [she] couldn't call for help." *Id.*

Plaintiff alleges that she and her daughter "were tricked by the Social Security Administration Staff Members, and the said Department of Social Services, involved in Racketeering and RICO Violations." ECF No. 1 at 3. She asserts that she has "been the victim of Tampering with the Plaintiff of a Federal Lawsuit, with conspiracy and the intention to cause the said plaintiff harm—a heart attack or an epileptic seizure, followed by a brain hemorrhage—and prevent her from testifying in federal court (to change the outcome of said lawsuit)." *Id.* at 4-5. Plaintiff alleges that Defendants "have been defrauding the United States Government and the Tax Payers with millions of dollars all this time." *Id.* at 5. Because Plaintiff has "report[ed]… the said racketeering, and her daughter's, her daughter has been falsely arrested, illegally incarcerated, and tortured in jail—with the intention of killing her—four times." *Id.*

Plaintiff also asserts that Defendants have threatened her with derogatory names over the Internet, canceled her garbage pickup, and threatened "to falsely arrest, illegally incarcerate, and assassinate [Plaintiff]'s daughter—while in jail—if they don't stop reporting the said racketeering." *Id.* at 7. "This is in addition to having [Plaintiff]'s pets (4) slaughtered by a government-employee's nephew's dog." *Id.*

Plaintiff requests that the Court "give me back my federal electronic Social Security Disability/Pension, stop any eviction proceedings against me and/or my daughter, and pay me $5,000.00 in restitution and punitive damages (from the government employees) and $1,000.00

3

from my landlord for the same reason." ECF No. 7 at 5. She also requests that the Court "issue an Order giving me back my stolen benefits and restraining the defendants from continuing to conspire against me and cause me and my daughter harm. I also want $10,000 from each Internet company for restitution and punitive damages." ECF No. 10 at 5.

The Supreme Court has explained that a complaint "is frivolous where it lacks an arguable basis either in law or in fact. As the Courts of Appeals have recognized, "§ 1915[e]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, the Court concludes that Plaintiff's allegations are exactly the "fanciful factual allegations" the Supreme Court was referring to, and that this action must be dismissed.

For the reasons stated, the Court finds that Plaintiff's case cannot proceed and therefore her pleadings are dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i). The Court declines to permit Plaintiff to amend her pleadings because amendment would be futile. *See Ruffolo*, 987 F.2d at 131. Additionally, Plaintiff's motions (ECF Nos. 4, 6), which make similar allegations and seek similar relief, are DENIED AS MOOT.

## CONCLUSION

Plaintiff's *in forma pauperis* motion (ECF No. 2) is GRANTED, however, her Complaint, Amended Complaint, and Second Amended Complaint are DISMISSED WITH PREJUDICE (ECF Nos. 1, 7, 10). Plaintiff's motions (ECF No. 4, 6) are DENIED AS MOOT.

The Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and that leave to appeal to the Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on

appeal as a poor person should be directed on motion to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: November 21, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court